# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV-15-1052-R |
| MIDLAND CREDIT MANAGEMENT, ET AL., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Defendants Experian, Equifax, and Trans Union have filed a Motion for Summary Judgment (Doc. No. 59), to which Plaintiff has filed a Response. Defendants filed a Reply in support of their position. Having considered the parties' submissions, the Court finds as follows.

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While the moving party bears the initial burden of showing that there is an absence of any issues of material fact, *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991), the movant need not negate the non-movant's claim. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 503

(10th Cir.1994); *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir.1994).

To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

Defendants Experian, Equifax, and Trans Union are all consumer reporting agencies ("CRA") for purposes of the Fair Credit Reporting Act. As a result, they do not originate credit information, but rather gather information provided by data furnishers and make that information available to parties engaged in credit-related transactions. Each piece of credit information provided by a furnisher to a CRA is called a "trade line." A "consumer report" or "credit report" is a disclosure of credit information to an appropriate person or entity for purposes of evaluating credit worthiness. Consumers can also obtain a credit report directly from a CRA.

Plaintiff's claims herein are based on the alleged deficiencies in the responses of Experian, Equifax, and Trans Union when she brought an allegedly inaccurate entry on her credit reports to their attention. Specifically Plaintiff alleges that Defendants failed to follow reasonable procedures in reporting and failed to investigate certain accounts upon Plaintiff's dispute, in violation of 15 U.S.C. § 1681e(b). She contends each CRA violated 15 U.S.C. § 1681i(a)(2) because each failed to consider and forward all relevant information to the furnisher, Midland. Plaintiff asserts claims against the CRA Defendants under 15 U.S.C. § 1681i(a)(4) because they allegedly failed to delete information that was inaccurate or could not be verified. Finally, Plaintiff asserts a claim against

each CRA under 15 U.S.C. § 1681i(a)(5), for allegedly failing to have a procedure to prevent reoccurrence of inaccurate or unverifiable information.

There is a common requirement with regard to each of Plaintiff's claims, that proves dispositive of this action. "[A] showing of inaccuracy is an essential element of a § 1681e(b) claim." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) *(quoting Dickens v. Trans. Union Corp.*, 18 Fed. Appx. 315, 319 (6th Cir. 2001)) (unpublished); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 473 (10th Cir. 2013). Similarly, to prevail on a claim under § 1681i(a) Plaintiff must show inaccuracy in the credit report issued by any particular CRA Defendant. *Wright v. Experian Information Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015); *see also Carvalho v. Equifax Information Services, Inc.*, 588 F.Supp.2d 1089, 1095-96 (N.D.Calf. 2008)("A prima facie showing under § 1681i consists of the following elements (1) plaintiff's credit file contains inaccurate or incomplete information. . . ." and noting that although on its face the FCRA does not require that a disputed credit entry contain inaccurate information, a majority of courts have required such). "Accordingly, 'if there is no genuine issue as to whether the . . . debt reported by [the reporting agencies] was inaccurate, [the plaintiff's] claim fails as a matter of law.'" *Carvalho*, 588 F.Supp.2d at 1096 (quoting *DeAndrade*, 523 F.3d at 68).

Although Plaintiff alleges inaccuracies with regard to the Midland item reported on her credit reports, the only evidence she submits in support thereof is her own testimony, which is not sufficient to support a finding of inaccuracy or to create a genuine issue of material fact in this case. Plaintiff testified that she did not know if she owed the debt when asked if she was contending she did not owe the debt. Deposition of Lewis, p. 27. Plaintiff was asked about the Midland trade line, "what are you saying is inaccurate about how that account is reporting on your credit report?" Her

3

response, "[t]he amount of the debt. Midland, again, didn't know exactly who they were." Deposition of Lewis, p. 64. "And do you know whether or not that balance of $761 is inaccurate? I don't know." *Id*. at 65. She testified "I'm saying I don't owe Midland, not to my knowledge at least." *Id.* at 132. She admitted, however, to having a T-Mobile account during the relevant time frame and further that she obtained a cellular phone for her sister who was responsible for the account. Id. at 133, 158. "I knew I had an account with them, but, to my recollection, I had closed that account out properly. However, I know my sister had a secondary line that continued." *Id.* at 159. She admitted the account was still in her name while her sister continued service, that the social security number affiliated with the account was indeed hers, and that she had lived at the address affiliated with the account.

> Q: And do you recall what the high balance of that T-Mobile account was?
> A: No.
> Q: Is it possible it got as high at $761?
> A: I'm not sure. That's what I'm requesting paperwork on.
> Q: Are you sure that you didn't?
> A: I'm sure I had a T-Mobile account. But the balance, I'm unsure of.
> Q: What was the last balance that you recall on your T-Mobile account?
> A: I don't know, because it was a cell phone I got for my sister, so she handled the account.

Deposition of Lewis, p. 132-33. In short, Plaintiff's deposition testimony establishes only that she was unaware of the existence of a balance, not that the balance did not exist.[1] As such, she has failed

---

[1] In response to the Motion for Summary Judgment Plaintiff cites to the following testimony to support her position:
> Q: And you testified earlier that Midland did not report the results of their investigation to you, right?
> A: They did not report accurate results. I believe with them, it just became like an updated account.

Deposition of Lewis, p. 176. This conclusory testimony is insufficient to support Plaintiff's burden. Citing Defendant's motion Plaintiff contends Defendants lack proof of the amount actually owed because the amount reported, $760.78 exceeds the balance due on the account when it was charged-off, $608.62. Defendant, however provides evidence to support the balance, specifically that the additional amount is interest and fees. Plaintiff's

4

to establish the existence of an inaccurate entry on any report she received from any of the CRA Defendants and therefore, she cannot prevail on her claims under § 1692e(b) or § 1692i(a). Defendants Experian, Equifax and Trans Union are therefore entitled to summary judgment on Plaintiff's claims.

For the reasons set forth herein, the Motion for Summary Judgment filed by Defendants Trans Union, LLC, Equifax Information Services, and Experian Solutions is hereby GRANTED.

IT IS SO ORDERED this 12th day of September, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

contention that Defendants lack evidence of to whom the debt is actually owed is similarly without merit. Defendants present the Bill of Sale and Assignment that transferred a group of Purchased Accounts, including Plaintiff's outstanding account balance, from T-Mobile and related entities to Midland Funding.